IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


**CHARLES KEVIN LEE,**
      **Plaintiff,**

v.                                                                       Case No: 5:08cv211/RH/MD

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**
        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

      This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Rules 72.1(A), 72.2(D) and 72.3 of the local rules of this court relating to review of administrative determinations under the Social Security Act and related statutes.  It is now before the court pursuant to 42 U.S.C. § 405(g) of the Social Security Act for review of a final determination of the Commissioner of Social Security (Commissioner) denying claimant Lee's applications for disability insurance benefits and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Act.

      Upon review of the record before this court, it is the opinion of the undersigned that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

## PROCEDURAL HISTORY

Plaintiff Charles Lee filed applications for benefits claiming an onset of disability as of January 1, 2003. The applications were denied initially and on reconsideration, and Mr. Lee requested a hearing before an administrative law judge (ALJ). A hearing was held on June 7, 2009 at which Mr. Lee was represented by counsel and testified. A vocational expert also testified. The ALJ entered an unfavorable decision (tr. 16-25) and Mr. Lee requested review by the Appeals Council without submitting additional evidence. The Appeals Council declined review (tr. 3-5). The Commissioner has therefore made a final decision, and the matter is subject to review in this court. *Ingram v. Comm'r of Soc. Sec. Admin*, 496 F.3d 1253, 1262 (11th Cir. 2007); *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998). This timely appeal followed.

## FINDINGS OF THE ALJ

Relative to the issues raised in this appeal, the ALJ found that Mr. Lee had a severe impairment of a history of degenerative joint disease of the lumbar spine with spinal canal stenosis, but that he did not have an impairment or combination of impairments that met or equaled one of the impairments listed in 20 C. F. R. Part 404, Subpart P; that he had the residual functional capacity to perform light work with a sit/stand option; that he could not do his prior relevant work as a construction worker; that he was a younger individual with a high school education; that there were a significant number of jobs in the national economy that he could perform; and that he was not under a disability as defined in the Act.

## STANDARD OF REVIEW

In Social Security appeals, this court must review de novo the legal principles upon which the Commissioner's decision is based. *Moore v. Barnhart*, 405 F.3d

Case 5:08-cv-00211-RH-MD    Document 22    Filed 03/26/09    Page 3 of 13

Page 3 of 13

1208, 1211 (11th Cir. 2005) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)). There is no presumption that the Commissioner followed the appropriate legal standards in deciding a claim for benefits, or that the legal conclusions reached were valid. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996); *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002). Failure to either apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

The court must also determine whether the ALJ's decision is supported by substantial evidence. *Moore*, 405 F.3d at 1211 (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)). Even if the proof preponderates against the Commissioner's decision, if supported by substantial evidence, it must be affirmed. *Ingram*, 496 F.3d at 1260; *Miles*, 84 F.3d at 1400. Substantial evidence is more than a scintilla but less than a preponderance, and encompasses such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Moore*, 405 F.3d at 1211 (citation omitted). In determining whether substantial evidence exists, the court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Secretary's decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence. *Moore*, 405 F.3d at 1211 (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). Findings of fact of the Commissioner that are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g); *Ingram*, 496 F.3d at 1260.

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to

last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The social security regulations establish a five-step evaluation process to analyze claims for both SSI and disability insurance benefits. *See Moore,* 405 F.3d at 1211;  20 C.F.R. § 416.912 (2005) (five-step determination for SSI); 20 C.F.R. § 404.1520 (2005) (five-step determination for DIB).  A finding of disability or no disability at any step renders further evaluation unnecessary.  The steps are:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

These regulations place a very heavy burden on the claimant to demonstrate both a qualifying impairment or disability and an inability to perform past relevant work. *Moore,* 405 F.3d at 1211 (citing *Spencer v. Heckler,* 765 F.2d 1090, 1093 (11th Cir.1985)).  If the claimant establishes such an impairment, the burden shifts to the Commissioner at step 5 to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *Allen v. Bowen,* 816 F.2d 600, 601 (11th Cir. 1987).  If the Commissioner carries this burden, claimant must prove that he cannot

perform the work suggested by the Commissioner. *Doughty,* 245 F.3d at 1278 n.2; *Hale v. Bowen,* 831 F.2d 1007, 1011 (11th Cir. 1987).

## PLAINTIFF'S MEDICAL HISTORY

Mr. Lee injured his low back in a work-related accident in September 1998 (tr. 115). He was treated conservatively over the next year. Imaging studies disclosed a bulging disc at L2, but neurosurgical consultations recommended against surgery as not beneficial (tr. 113-115). He was released to light duty and was working at his regular job tying rebar on high rise buildings until late 2002 when he started getting tingling in his legs (tr. 203-09). He quit his job due to his back pain.

Mr. Lee claimed his onset of disability date as of January 1, 2003, shortly after he quit his job, but he did not seek any medical care until ten months later, in October 2003, when he went to the emergency room two weeks after falling out of a deer stand and breaking his foot. He told the emergency room personnel that he had fallen ten feet and that his left ankle hurt, but that he had no other injuries (tr. 124). His foot was splinted, and healed without further treatment, although he claimed that his foot continued to hurt.

In late 2004, nearly two years after his claimed onset date he finally went to James Clemmons, M.D., a family practitioner, for his low back pain. Dr. Clemmons ordered a CT scan, which was read as showing no definite disc herniation, an annular bulge at L4-5 with effective stenosis and asymmetric bulging at L1-2 with neural foramina encroachment on the left (tr. 149). In April 2005 Dr. Clemmons filled out a clinical assessment of pain form and a physical capacities evaluation form in which he opined that Mr. Lee's pain was such as to prevent him from working and the side effects of his medications would limit his effectiveness. He further opined that Mr. Lee could lift only 10 pounds occasionally and 5 pounds frequently, could sit for 4 hours and stand or walk for four hours in an eight hour workday; and could

not climb, bend, stoop, reach overhead, or work around hazardous machinery (tr. 168-69). Dr. Clemmons treated Mr. Lee conservatively through early 2007 (tr. 147-52, 162-82). In early 2007 (the exact dates are indistinct) Mr. Lee reported to Dr. Clemmons that he was trying to work (tr. 164-65). Dr. Clemmons' records consistently showed complaints of back pain, but the records of physical examinations noted no actual findings or signs of physical limitations, and there was no mention of medication side effects.

Mr. Lee was referred for a consultative examination, and saw Asim Lhattak, M.D., an internist, on November 8, 2004 at about the same time he first saw Dr. Clemmons. Dr. Khattak took a history of a job-related injury and resulting back pain over the previous six to seven years. Mr. Lee had previously complained of pain on the right side of his low back but was now complaining of left-sided pain that had recently started when working in his yard. He complained of continuing pain in his foot after breaking it a year earlier. He reported using Tylenol as needed. On physical examination there was limited range of motion in flexion and extension of the spine, but range of motion was normal in all other joints. There was mild muscle spasm on the left side of the low back, and straight leg raising was positive at 35º on the right, both while lying down and sitting. Straight leg raising was negative on the left. Neurological examination was normal, reflexes were equal at +2 bilaterally and motor strength was normal in all extremities. Grip strength was normal and there was no atrophy. Mr. Lee's gait was normal except for a slight limp on the left because of pain in the left foot. Dr. Khattak did not offer any opinions as to limitations other than those found on physical examination (tr. 131-36).

## DISCUSSION

Mr. Lee argues that the ALJ erred in failing properly to discount the opinion of his treating physician, Dr. Clemmons and his subjective complaints of pain, and

in posing an incomplete hypothetical question to the vocational expert, and that he was disabled from his onset date as a matter of law. The Commissioner argues that the ALJ's findings were supported by substantial evidence and must, therefore, be sustained. The issue thus presented is whether the ALJ's decision that the plaintiff was not disabled, in light of his physical condition, age, education, work experience, and residual functional capacity, is supported by substantial evidence in the record.

1. **Opinion of treating physician and subjective complaints of pain**

Absent good cause, the opinion of a claimant's treating physician must be accorded considerable or substantial weight by the Commissioner. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-1241 (11th Cir. 2004); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Broughton v. Heckler,* 776 F.2d 960, 960-961 (11th Cir. 1985); *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). "Good cause" exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Phillips,* 357 F.3d at 1241; see also *Lewis,* 125 F.3d at 1440 (citing cases).

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnor v. Bowen,* 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent

of the treatment relationship; (3) medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical impairments at issue; and (6) other factors which tend to support or contradict the opinion.  20 C.F.R. 404.1527(d).

The opinion of a non-examining physician is entitled to little weight, and, if contrary to the opinion of a treating physician, is not good cause for disregarding the opinion of the treating physician, whose opinion generally carries greater weight.  *See* 20 CFR § 404.1527(d)(1);  *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985); *Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *Hurley v. Barnhart*, 385 F.Supp.2d 1245, 1255 (M.D.Fla. 2005).   However, a brief and conclusory statement that is not supported by medical findings, even if made by a treating physician, is not persuasive evidence of disability.  *Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987); *Warncke v. Harris*, 619 F.2d 412, 417 (5th Cir. 1980).

"When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." *Phillips*, 352 F.3d at 1241.   Failure to do so is reversible error. *Lewis*, 125 F.3d at 1440 (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986));[1] *see also Nyberg v. Commissioner of Social Security*, 179 Fed.Appx. 589, 591 (11th Cir. 2006) (Table, text in WESTLAW)(also citing *MacGregor*).

Pain is treated by the Regulations as a symptom of disability.  Title 20 C.F.R. § 404.1529 provides in part that the Commissioner will not find disability based on symptoms, including pain alone, ". . . unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce these

---

[1] *MacGregor* further held that "Where the [Commissioner] has ignored or failed properly to refute a treating physician's testimony, we hold as a matter of law that he has accepted it as true." 786 F.2d at 1053.

Case No: 5:08cv211/RH/MD

symptoms." *Accord* 20 C.F.R. § 416.929. The Eleventh Circuit has articulated the three-part pain standard, sometimes referred to as the *Hand*[2] test, as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *Ogranaja v. Commissioner of Social Security*, 186 Fed.Appx. 848, 2006 WL 1526062, *3+ (11th Cir. 2006) (quoting *Wilson*) (Table, text in WESTLAW); *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1216 (11th Cir. 1991).

The Eleventh Circuit has also approved an ALJ's reference to and application of the standard set out in 20 C.F.R. § 404.1529, because that regulation "contains the same language regarding the subjective pain testimony that this court interpreted when initially establishing its three-part standard." *Wilson, supra*, 284 F.3d at 1226. Thus, failure to cite to an Eleventh Circuit standard is not reversible error so long as the ALJ applies the appropriate regulation.

But "[w]hile both the Regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself." *Elam*, 921 F.2d at 1215. The Eleventh Circuit has held that "pain alone can be disabling, even when its existence is unsupported by objective evidence." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)(citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)); *Walker v. Bowen*, 826 F.2d 996, 1003 (11th Cir. 1987); *Hurley v. Barnhart*, 385

---

[2]*Hand v. Bowen*, 793 F.2d 275, 276 (11th Cir.1986) (the case originally adopting the three-part pain standard).

F.Supp.2d 1245, 1259 (M.D.Fla. 2005). However, the presence or absence of evidence to support symptoms of the severity claimed is a factor that can be considered. *Marbury*, 957 at 839-840; *Tieniber v. Heckler,* 720 F.2d 1251, 1253 (11th Cir. 1983).

Finally, if the Commissioner refuses to credit subjective testimony of the plaintiff concerning pain he must do so explicitly and give reasons for that decision. *MacGregor v. Bowen*, 786 F.2d at 1054. Where he fails to do so, the Eleventh Circuit has stated that it would hold as a matter of law that the testimony is accepted as true. *Holt v. Sullivan*, 921 F.2d at 1223; *MacGregor v. Bowen*, 786 F.2d at 1054. Although the Eleventh Circuit does not require an explicit finding as to a claimant's credibility, the implication must be obvious to the reviewing court. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. *Dyer*, 395 F.3d at 1210 (11th Cir. 2005) (internal quotations and citations omitted). And of course, the reasons articulated for disregarding the plaintiff's subjective pain testimony must be based upon substantial evidence. *Wilson*, 284 F.3d at 1225-1226; *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991); *Hurley*, 385 F.Supp.2d at 1259.

Underlying the *Hand* standard is the need for a credibility determination concerning a plaintiff's complaints of pain. Those complaints are, after all, subjective. "[T]he ascertainment of the existence of an actual disability depend[s] on determining the truth and reliability of [a claimant's] complaints of subjective pain." *Scharlow v. Schweiker*, 655 F.2d 645, 649 (5th Cir. 1981) (holding that the ALJ must resolve "the crucial subsidiary fact of the truthfulness of subjective symptoms

and complaints").[3] People with objectively identical conditions can experience significantly different levels of pain, and pain is more readily treated in some than in others. "Reasonable minds may differ as to whether objective medical impairments could reasonably be expected to produce [the claimed] pain. This determination is a question of fact which, like all factual findings by the [Commissioner], is subject only to limited review in the courts . . . ." *Hand, supra,* at 1548-49. It is within the ALJ's "realm of judging" to determine whether "the quantum of pain [a claimant] allege[s] [is] credible when considered in the light of other evidence." *Arnold v. Heckler*, 732 F.2d 881, 884 (11th Cir. 1984). Thus, a physician may be told by a patient that he or she is in pain, and the physician may believe it, but the ALJ is not bound by that. The evidence as a whole, including the existence of corroborating objective proof or the lack thereof, and not just a physician's belief or the plaintiff's claims, is the basis for the ALJ's credibility determination.

On appeal here Mr. Lee contends that the ALJ erred in discounting the opinions of Dr. Clemmons, and improperly discounted his subjective complaints of pain. He argues that Dr. Clemmons' opinions should have been given substantial weight and that the Commissioner's decision should be reversed and benefits awarded. He asserts that the pain and physical capacity forms Dr. Clemmons filled out were supported by the CT finding of effective stenosis and neural foramina encroachment and are sufficient to meet the *Hand* standard. The court disagrees.

The ALJ considered Dr. Clemmons' opinions in detail. He found first that Mr. Lee's statement concerning the intensity, persistence and limiting effect of his symptoms were not entirely credible. This finding was based on several factors: (1)

---

[3] Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

Case No: 5:08cv211/RH/MD

after his work-related injury his treating physician, Dr. Rohan, returned him to light duty and a consulting neurosurgeon did not believe surgery was necessary; (2) Mr. Lee worked until just before his claimed onset date, but did not seek medical care until nine months later; (3) when he did seek medical care it was after falling out of a deer stand while hunting; (4) at the emergency room he did not complain of back pain even though he had fallen ten feet; and (5) he did not see Dr. Clemmons until after his fall, and claimed had could not afford medical care, but had not sought care at the local Public Health Department or another indigent care facility. The ALJ then addressed Dr. Clemmons' opinions, and found that (1) he recorded Mr. Lee's statements that he was working or looking for work well after his claimed onset date; (2) he noted no neurological or motor deficits; (3) he noted no medication side effects; (4) Mr. Lee testified at the hearing that he could lift 10 to 20 pounds, contrary to Dr. Clemmons' opinion; and (5) overall, Dr. Clemmons' medical records did not support his opinion (tr. 21-22).

Mr. Lee takes issue with the ALJ's finding that Mr. Lee testified that he could lift 10 to 20 pounds, but the section of the testimony he quotes (doc. 14, p. 7) is incomplete. He ended the quoted language with Mr. Lee's statement that he didn't "feel comfortable toting much of anything." However, the ALJ questioned further, and Mr. Lee stated that he carried grocery bags that weighed "10 pounds or 20 pounds." (Tr. 238).

The ALJ's findings as to Mr. Lee's credibility and his findings discounting Dr. Clemmons' opinions were supported by substantial record evidence. While the CT scan showed evidence of an underlying condition, there was little, if anything, to support a finding that there was either (a) objective medical evidence confirming the severity of the alleged pain; or (b) an objectively determined medical condition that could *reasonably be expected* to give rise to the claimed pain. *Wilson v. Barnhart*, *supra*. Mr. Lee is not entitled to reversal on this claim.

Case No: 5:08cv211/RH/MD

### 2. Hypothetical question

Mr. Lee also contends that the hypothetical question the ALJ posed to the vocational expert was incomplete. A hypothetical question must comprehensively describe the plaintiff's condition, and vocational expert testimony that does not accurately address that condition cannot be considered substantial record evidence. *Pendley v. Heckler,* 767 F.2d 1561, 1563 (11th Cir. 1985). However, "the ALJ [is] not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1161 (11th Cir. 2004). Contrary to Mr. Lee's assertion, the ALJ's hypothetical question included all the elements that the ALJ ultimately found as to Mr. Lee's residual functional capacity. Therefore, the hypothetical was complete, and Mr. Lee is not entitled to reversal on this ground.

Accordingly, it is respectfully RECOMMENDED that the Commissioner's decision be AFFIRMED, that judgment be entered in favor of the defendant, and that the clerk be directed to close the file.

At Pensacola, Florida this 26th day of March, 2009.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**

Case No: 5:08cv211/RH/MD